

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed February 14, 2024**

_____
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| HISPANIC FAMILY CHRISTIAN | § | CASE NO. 23-30448-swe |
| NETWORK, INC., | § | |
| | § | |
| Debtor. | § | Chapter 11 |

## ORDER CONFIRMING DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION UNDER SUBCHAPTER V OF CHAPTER 11, AS MODIFIED

CAME ON FOR CONSIDERATION by the Court at the confirmation hearing held on February 1, 2024, the Debtor's First Amended Plan of Reorganization Under Subchapter V of Chapter 11 [Docket No. 57] filed by Hispanic Family Christian Network, Inc., Debtor in the above-styled and numbered case. The Plan having been transmitted to all creditors, equity interest holders and parties-in-interest and the Court, after hearing the evidence presented, concludes as follows:

1. At least one Class of impaired creditors has voted to accept the Plan.

2. The Plan complies with the applicable provisions of Title 11, and the Debtor, as the plan proponent, has complied with the applicable provisions of Title 11.

3. The Plan has been proposed in good faith and not by any means forbidden by law.

4. The requisite number of impaired classes of claims or interests voting have voted to accept the Plan.

5. All payments made or promised to be made by the Debtor or any other person for services or for costs and expenses in, or in connection with, the Plan, and incident to the case, have been disclosed to the Court and are reasonable or, if to be fixed after Confirmation of the Plan, will be subject to the approval of the Court.

6. The identity, qualifications, and affiliations of the persons who are to serve the Debtor, after Confirmation of the Plan, have been fully disclosed, and the appointment of such persons to such offices, or their continuance therein, is equitable, and consistent with the interests of the creditors and equity security holders and with public policy.

7. The identity of any insider that will be employed or retained by the Debtor and his compensation has been fully disclosed.

8. The Plan does not affect any rate change of any regulatory commission with jurisdiction over the rights of the Debtor.

9. The Plan is not likely to be followed by further need for reorganization.

10. The Plan does not affect any retiree benefits.

11. The Plan, as modified herein, is confirmed pursuant to 11 U.S.C. § 1191 as a consensual Plan and the Debtor will act as the disbursing agent.

It is, therefore,

**ORDERED, ADJUDGED AND DECREED** that the Debtor's First Amended Plan of Reorganization Under Subchapter V of Chapter 11 [Docket No. 57], as modified herein, is confirmed. It is further

**ORDERED, ADJUDGED AND DECREED** that the Class 3 Claimants shall be paid in full in equal monthly installments over 60 months with interest thereon at the rate of 8% per annum. The payments shall begin on the first day of the first month following the Effective Date and continue on the first day of each subsequent month until the Claim is paid in full under the Plan. Interest shall begin to accrue as of the Petition Date. It is further

**ORDERED, ADJUDGED, AND DECREED** that the following Default Provision shall control as to the United States of America, Internal Revenue Service ("IRS") and all of its Claims and the IRS Claim:

(1) If the Debtors or Reorganized Debtors fail to pay when due any payment required to be made on federal taxes, Claims of the IRS, the IRS Claim, or other payment required to be made to the IRS under the terms and provisions of this Plan or the Confirmation Order, or fail to timely file any required federal tax return, or if any other Event of Default as defined in the Plan occurs, the IRS shall be entitled to give the Debtors and Reorganized Debtors and their counsel of record written notice of the failure and/or default with demand that it be cured, and if the failure and/or default is not cured within 14 days of said notice and demand, then the following shall apply to the IRS:

(A) The administrative collection powers and the rights of the IRS shall be reinstated as they existed prior to the filing of the bankruptcy petition, including, but not limited to, the assessment of taxes, the filing of a notice of Federal tax lien and the powers of levy, seizure, and as provided under the Internal Revenue Code;

(B) The automatic stay of 11 U.S.C. § 362 and any injunction of this Plan or Confirmation Order shall, with regard to the IRS only, lift without further notice or hearing by the Court, and the entire imposed liability owed to the IRS, together with any unpaid current liabilities, may become due and payable immediately; and

(C) The IRS shall have the right to proceed to collect from the Debtors or the Reorganized Debtors any of the pre-petition tax liabilities and related penalties and interest through administrative or judicial collection procedures available under the United States Code as if no bankruptcy petition had been filed and as if no plan had been confirmed.

(2) Failure of the IRS to declare a failure and/or default does not constitute a waiver by the United States of the right to declare that the Debtors or Reorganized Debtors are in default.

(3) The IRS shall only be required to send two notices of failure and/or default, and upon the third event of a failure and/or default the IRS shall be entitled to proceed as set out in paragraphs (A), (B), and/or (C) herein above without further notice to the Debtors, the Reorganized Debtors, or their counsel.

(4) The Internal Revenue Service shall not be bound by any release provisions in the Plan that would release any liability of the responsible persons of the Debtors to the IRS.

(5) The term "any payment required to be made on federal taxes," as used in paragraph (h)(1) herein above, is defined as: any payment or deposit required by the Tax Code to be made by the Reorganized Debtors from the Confirmation Date to the date the IRS Claim is together with interest paid in full. The term "any required tax return," as

used in paragraph (h)(1) herein above, is defined as: any tax return or report required by the Tax Code to be made by the Reorganized Debtors from the Confirmation Date to the date the IRS Claim is together with interest paid in full.

It is further

**ORDERED, ADJUDGED AND DECREED** that Dallas County is not required to file an administrative expense claim for the current-year ad valorem property taxes.   It is further

**ORDERED, ADJUDGED AND DECREED** that post-petition, pre-Effective Date interest on Dallas County's claim shall accrue at 1% per month, and in the event Dallas County's claim plus interest is not paid in full on or before the Effective Date, the amount due on the Effective Date shall accrue interest at the rate of 1% per month until the amounts due are paid in full.   It is further

**ORDERED, ADJUDGED AND DECREED** that Dallas County retains its liens on the collateral until its claim and interest are paid in full.   It is further

**ORDERED, ADJUDGED AND DECREED** that the failure to timely pay post-petition 2024 ad valorem property taxes that are an administrative expense of the bankruptcy estate is an event of Default.   It is further

**ORDERED, ADJUDGED AND DECREED** that the Allowed Secured Claim of the Texas Comptroller of Public Accounts shall be paid in full in 60 equal monthly installments of principal with interest thereon at the rate of 9.5% per annum.   Payments will commence on the first day of the first month following the Effective Date and continue until the expiration of 60 months from the Petition Date.   Interest shall begin to accrue on the Effective Date.   This Claim is impaired, and the holder of this Claim is entitled to vote to accept or reject the Plan.   It is further

**ORDERED, ADJUDGED AND DECREED** that notwithstanding anything in the Plan to the contrary, the Plan shall not release or discharge any entity, other than the Debtors or

Reorganized Debtors, from any liability owed to the Texas Comptroller of Public Accounts for a tax debt, including interest and penalties on such tax. This provision is not admission by any party that such liability exists. It is further

**ORDERED, ADJUDGED AND DECREED** that notwithstanding anything in the Plan to the contrary, the Plan shall not limit the Comptroller's setoff rights under 11 U.S.C. § 553. This provision is not admission by any party that such setoff rights exist. It is further

**ORDERED, ADJUDGED AND DECREED** that a failure by the reorganized Debtor to make a payment to the Comptroller pursuant to the terms of the Plan shall be an Event of Default. If the reorganized Debtor fails to cure an Event of Default as to tax payments within ten (10) calendar days after service of written notice of default from the Comptroller, the Comptroller may (a) enforce the entire amount of its claim, (b) exercise all rights and remedies under applicable nonbankruptcy law, and (c) seek such relief as may be appropriate in this court. Notice of the default shall be served by first class mail upon the reorganized Debtor at: P.O. Box 540036, Dallas, TX 75354, Attn: Chief Executive Officer, and upon Debtor's attorney at Joyce W. Lindauer Attorney, PLLC, 1412 Main Street, Suite 500, Dallas, TX 75202, Attn: Joyce W. Lindauer, Esq.; joyce@joycelindauer.com. The Debtor shall be allowed to cure up to two (2) defaults. Upon a third default, the Comptroller, at its option, may declare the default non-cureable and proceed to collect the remainder of the debt.

# # # END OF ORDER # # #

Submitted by:
Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Attorneys for Debtor